No. 19,657.

PERRY A. HOEFER, *Appellant*, v. AUGUSTUS FRONKIER et al., *Appellees.*

### SYLLABUS BY THE COURT.

HOMESTEAD—*Joint Mortgage by Husband and Wife—Proceeds Garnished by Husband's Creditor—Garnishment Not Sustained.* A husband in whose name the title to a certain homestead stood joined with his wife in executing a mortgage thereon to secure a loan, she transacting all the business. The lender retained a portion of the proceeds as a credit to be paid to the holder of another mortgage or to the wife when such mortgage should be satisfied. The wife at once gave an order for her interest in this fund to K, who promptly notified the company. Thereafter the other mortgage was judicially determined to be void. Sometime after the wife had given the order referred to her husband gave one to a third person purporting to cover a large portion of the fund in question. The conclusion of the trial court in an action against the husband on a foreign judgment against him that the mortgage company could not be required as garnishee to pay the subsequent order made by the husband is, under the evidence, upheld.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed October 9, 1915. Affirmed.

*G. H. Buckman, S. C. Bloss,* both of Winfield, and *W. S. Cline,* of Newkirk, Okla., for the appellant.

*Albert Faulconer,* and *C. Ward Wright,* both of Arkansas City, for appellee The Hill Investment Company.

*C. T. Atkinson,* of Arkanses City,. for appellee William Kroenert.

The opinion of the court was delivered by

WEST, J.: Augustus Fronkier, an Indian allottee, owned some land in Oklahoma which he and his wife mortgaged to the Hill Investment Company, she transacting the business and directing and receiving payment of the proceeds, $360 of which, instead of being paid over to her, was left as a credit with the company to cover a claim of that amount by the plaintiff, Hoefer, on another mortgage against the land. At the same time Mrs. Fronkier assigned her interest in this $360 to her brother-in-law, William Kroenert, who notified the company. Later Hoefer procured an order for $336.70 of the $360 from the husband, which order was not honored. This action was on an Oklahoma judgment against Augustus Fronkier, and the company was garnished. The court found that the Hoefer mortgage was void because upon a homestead and unsigned by the wife, hence that the $360 belonged to the assignee of Jeanette Fronkier, William Kroenert. Hoefer appeals and contends that as Fronkier owned the land upon which the mortgage to the Hill Investment Company was made, and as there was nothing to show that Mrs. Fronkier was made his agent and she had already received more than one-half the fund, it was error to recognize her right to the $360 in dispute. But the testimony of the president of the company showed that the loan was negotiated by Mrs. Fronkier, which would indicate very strongly that she was by her husband permitted to manage the transaction, although the title to the land, the homestead of both, was in him.

The entry made by the company was to the effect that the $360 was left as a special credit to pay the mortgage to Hoefer, or to Mrs. Fronkier, when such mortgage should be released. That mortgage was subsequently found to be void, and this left no right in Hoefer to the fund but left it payable

to Mrs. Fronkier, so far as the company was concerned, and there is no sufficient ground for requiring its payment to the subsequent order of the husband who had permitted the wife to transact the business with the company.

The evidence being sufficient to justify the court in the conclusion reached, the judgment is affirmed.